## William Leader *vs.* Exelia Laflamme, et als.

## Androscoggin.   Opinion November 19, 1913.

*Conveyance.   Damages.   Easement.   Equity.   Fee.   Private Nuisance.*
*Restriction.*

The plaintiff and defendant owned adjacent lots facing on Lincoln Street, in Lewiston, each lot having a frontage on said street of twenty-five feet, and in each deed was this clause: "Subject to the restriction that no buildings erected thereon shall be placed nearer the line of Lincoln Street than twelve feet.

*Held:*

1. That the restriction, or reservation, was a servitude in the nature of an easement for the benefit of all the lots and would run with each lot in the hands of the grantees of the Franklin Company, or in the hands of subsequent grantees.

2. That the plaintiff has a remedy at law, and the evidence discloses no abandonment of his rights by him or his predecessors in title.

On report.  Judgment for plaintiff.  Damages assessed at $200.00.

This is an action on the case to recover damages of the defendant for erecting a building on her lot, located on the west side of Lincoln Street, in Lewiston, and adjacent to plaintiff's lot, nearer to the line of said street than twelve feet.  The defendant derived title to her lot by deed dated May 9, 1900, containing the following language: "Subject to the restriction that no buildings erected thereon shall be placed nearer the line of Lincoln Street than twelve feet."  Plea, general issue.

At the conclusion of the evidence, the case was reported to the Law Court for decision.  Upon so much of the evidence as is legally admissible, the Law Court is to render such judgment as the legal rights of the parties require.

The case is stated in the opinion.

*Newell & Skelton,* for plaintiff.

*McGillicuddy & Morey,* for defendants.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

PHILBROOK, J.   The plaintiff owns a parcel of land and buildings thereon situate on the westerly side of Lincoln Street in the city of Lewiston.   The conveyance by which he holds title is dated March 24, 1871, was given by the Franklin Company, and contains the following language:  "Subject to the restriction that no buildings erected thereon shall be placed nearer the line of Lincoln Street than twelve (12) feet, with all the privileges and appurtenances thereto belonging."   The defendant Laflamme also owns a parcel of land with buildings thereon situate on the westerly side of said Lincoln Street, it being southerly from plaintiff's land and contiguous thereto.   The conveyance by which Mrs. Laflamme holds title is dated May 9, 1900, was given by Emma J. Dana et al., and contains the following language:   "Subject to restriction that no buildings be placed nearer the line of Lincoln Street than twelve feet."   The Dana title comes also from the Franklin Company which conveyed defendant land to Honora O'Donnell January 29, 1867, "subject to the restriction that no buildings erected thereon shall be placed nearer the line of Lincoln Street than twelve (12) feet, with all the privileges and appurtenances thereto belonging."   All the mesne conveyances from Mrs. O'Donnell to Mrs. Laflamme contain this restriction.   On January 19, 1910, Mrs. Laflamme gave to defendant Dube a bond to convey her Lincoln Street lot and inserted the same restriction in her bond.   Before the deed was given by Mrs. O'Donnell a building had been erected on the land coming out to a line which was twelve feet from the line of Lincoln Street.   After Dube got his bond he erected an addition on the front end of the building which came out to the street line.   Plaintiff claims that his property is thereby damaged and brings this action to recover those damages.

The defendant raises three contentions in defense; first, that no damages to the plaintiff arose from the addition to the defendant's building; second, that the plaintiff cannot maintain this action, if there were any damages, because there was no restriction in the deed to Mrs. Laflamme, or in the bond for a deed to Dube, which limited the use of defendant's lot so far as plaintiff was concerned;

and, third, that if any action would lie a bill in equity to abate a private nuisance is the only form of action which the plaintiff can maintain.

As to the first contention the case discloses enough to satisfy this court that the plaintiff naturally and inevitably sustained some damage from the acts of the defendants.

The second contention is met by the claim of the plaintiff that all the deeds of lots on the west side of Lincoln Street given by the Franklin Company, except two, contained a uniform building restriction, which was intended to run with the land and be perpetual.

In *Peck* v. *Conway,* 119 Mass., 546, E, being the owner of adjacent lots A and B, occupying A as a homestead, conveyed lot B to H, who was the owner of lot C, also adjacent to B, and in the deed used the language "with this express reservation, that no building is to be erected by the said H, his heirs or assigns, upon the land herein conveyed." The court there said, "The reservation creates an easement, or servitude in the nature of an easement, upon the land conveyed. If this easement was created for the benefit of the adjoining lot, of which the grantor in the deed remained the owner, and not for the personal convenience of the grantor, and was intended to be annexed to such lot, it would be appurtenant thereto and would pass to grantees thereof. The question whether such an easement is a personal right, or is to be construed as appurtenant to some other estate, must be determined by the fair interpretation of the grant or reservation creating the easement, aided, if necessary, by the situation of the property and the surrounding circumstances."

In *Hano* v. *Bigelow,* 155 Mass., 341, the court said, "It has often been held that where an owner divides a tract of land into building lots and, as a part of a general scheme for its improvement, inserts in the deeds of sale of all the several lots uniform restrictions as to the purposes for which the land may be used, such provisions inure to the benefit of the several grantees who may enforce them in equity, each for himself against the others," The court also held in that case that the fact that the grantor had conveyed two lots without restrictions, was not very significant.

In *Bacon* v. *Sandberg,* 179 Mass., 396, the court said, "While it has been often held that where an owner divides a tract of land into building lots and, as a part of a general scheme for its improvement,

inserts in the deeds of sale of all the several lots uniform restrictions as to the purposes for which the land may be used, such provisions inure to the benefit of the several grantees, who may enforce them in equity, yet the criterion in this class of cases is the intent of the grantor in imposing the restrictions, whether they are intended for his personal benefit or for the benefit of the lot owners generally; and his intention is to be gathered from his acts and the attendant circumstances. If this sufficiently appears, the fact that as to some lots there are no restrictions simply takes those lots out of the general scheme, and it is not necessary that the restrictions should be exactly the same in all the deeds." In the case last cited one of the defences was that the common grantor had sold all her interest in the lots and that one of the lot owners could not maintain a bill in equity against the others, but the court held otherwise.

In *Herrick* v. *Marshall,* 66 Maine, 435, our own court, in a case where the restrictions were, "with the restriction and reservation that no building hereafter erected on the above lot shall be erected within ten feet of the easterly line of the said Murray's house lot," adopted the views of the Massachusetts court in the cases above referred to and quoted from Washburn on easements the following: "In respect to whether the reservation is of a perpetual interest, like a fee in the easement reserved, the question seems to turn upon whether it is a personal right, an easement in gross, or one for the benefit of the principal estate and its enjoyment, whoever may be the owner. In the latter case it is held to be a permanent right appurtenant to the principal estate in the hands of successors and assigns without words of limitation."

The evidence in this case discloses that the Franklin Company held all the land on both sides of Lincoln Street and plotted it into narrow lots of only twenty-five feet frontage. For the benefit of all the lots, apparently, a reservation was made in all the deeds of lots on the westerly side of the street, except two, as to the distance from the line of the street that buildings might be placed. Under the authority of the cases above cited we hold that this reservation was a servitude in the nature of an easement for the benefit of all the lots and would run with each lot in the hands of the grantees of the Franklin Company, and in the hands of subsequent grantees.

The defendant further urges that the restrictions have been abandoned. No evidence of legal abandonment by the Franklin Company, or by this plaintiff has been satisfactorily pointed out.

The third and final contention of the defendant cannot be sustained, since an action at law may be maintained for damages in cases like the one at bar. *Herrick* v. *Marshall,* 66 Maine, 435; *Tracy* v. *Leblanc,* 89 Maine, 304; *Bliss* v. *Junkins,* 107 Maine, 425.

The evidence relating to the amount of the damages sustained by the plaintiff is not very clear and satisfactory but from a careful reading of such evidence as does appear in the case it is our opinion that the damage amounted to at least two hundred dollars.

*Judgment for plaintiff.*

*Damages assessed at $200.00.*